# Appeal of Charles W. Schwartz et al., Trading as Schwartz & Graff.

Under the acts of June 16, 1836, and April 20, 1846, a lien creditor is entitled to an issue upon filing an affidavit that judgments for which prior liens upon the fund raised by an execution are claimed are fraudulent and without bona fide consideration, and were confessed, and are being used for the purpose of hindering, delaying, and defrauding other creditors.

(Argued March 20, 1888.   Decided April 2, 1888.)

July Term, 1887, No. 165, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.   Appeal from a judgment of Common Pleas No. 3 of Philadelphia County discharging rules for a feigned issue and for the payment of the fund arising from a sheriff's sale into court.   Reversed.

The facts on which the application for a feigned issue was based are set forth in the following petition:

"The petition of Charles W. Schwartz and Albert Graff, trading as Schwartz & Graff, respectfully represents:

"That your petitioners are lien creditors of William Nichols, defendant in above cases, having on the 18th day of May, 1887, issued an attachment under the act of 1869 against him, and, by virtue of the same, attached all of the property and effects of said defendant; that the said property and effects of the said William Nichols on the 25th day of May, 1887, were sold and disposed of at sheriff's sale under the writs of fieri facias hereinafter and above recited, whereby was realized the sum of $963, which is now in the hands of the sheriff for distribution; that prior to the issuing of this attachment, by your petitioners, there were entered up against defendant two judgments, both on single bills, under seal, one on the 9th of May, 1887, in favor of Michael Mullen, trustee for Emeline Nichols, upon a single bill under seal, dated May 6, 1887, payable one day after date,

Cited in Filbert v. Filbert, 9 Pa. Co. Ct. 154, holding the right to an issue to try the question of distribution of proceeds of sheriff's sale is absolute and not discretionary; Moore v. Dunn, 10 Pa. Co. Ct. 86, 48 Phila. Leg. Int. 116, 28 W. N. C. 63, holding that none but judgment creditors have a right to be heard on the distribution of proceeds of sheriff's sale.

NOTE.—See note to Irvins Appeal, 7 Sad. Rep. 350.

for $2,325 (C. P. No. 3, March term, 1887, No. 530), and one the 11th day of May, 1887, in favor of Arthur T. Devereux upon a single bill under seal, dated May 7, 1887, for $1,946 (C. P. No. 3, March term, 1887, No. 580); that upon said judgments writs of fieri facias were issued respectively upon the dates of entry of said judgments, and a sheriff's sale was had on the 25th day of May, 1887, as aforesaid.

"That your petitioners are informed, believe, and expect to be able to prove the following material facts in connection with the distribution of the fund above realized, which facts are now in dispute:

"That as to the judgment confessed by the said William Nichols to the said Michael Mullen, trustee for Emeline Nichols, your petitioners are informed, believe, and expect to be able to prove, that $1,100 of the consideration of the same was for a loan by the said Michael Mullen to Emeline Nichols; that said William Nichols never had any transactions with the said Michael Mullen, but the said dealings were entirely between Michael Mullen and Mrs. Emeline Nichols; that said Michael Mullen has stated that he has no interest in the judgment, other than the $1,100 aforesaid, and that this was the loan to Mrs. Emeline Nichols, as aforesaid; further, that he, the said Michael Mullen, has been settled with for the amount of this said loan, and is no longer interested in this present proceeding; that as to the balance of said judgment, your petitioners are informed, believe, and expect to be able to prove that the same is without consideration.

"Your petitioners further aver that as to the judgment confessed by William Nichols to Arthur T. Devereux, they are informed, believe, and expect to be able to prove that the said judgment is claimed by said Arthur T. Devereux to have been given him for a loan, and that this loan was never made by the said Arthur T. Devereux to the said William Nichols.

"Your petitioners further aver that they are informed, believe, and expect to be able to prove that the two above-cited judgments are fraudulent and without bona fide consideration, and have been confessed and are being used for the purpose of hindering, delaying, and defrauding the other creditors of the said William Nichols.

"Your petitioners therefore pray that issues may be framed

by your honorable court to determine the material facts relating to the distribution of the fund now in dispute."

The petition was duly verified.

The court granted rules for the purposes prayed for in the petition, but afterwards discharged them, and this was assigned as error.

*John Sparhawk, Jr.,* for appellants.—If material facts in dispute are set out in the affidavit, an issue is of right. It is sufficient if the affidavit alleges that the prior judgments are without bona fide consideration, and for the purpose of hindering, delaying, and defrauding other creditors. Lippincott v. Lippincott, 1 Phila. 396.

The petitioner is not required to exhibit the evidence. It is sufficient if he states with precision the facts which the evidence tends to establish. Robinson's Appeal, 36 Pa. 83.

If the affidavit is sufficient, the court has no discretion but to award the issue. Dickerson's Appeal, 7 Pa. 258; Biddle v. King, 1 Phila. 394; Mathiews v. Webster, 7 W. N. C. 81; and Geisel v. Jones, 7 W. N. C. 82; Association v. McDonald, 5 Phila. 442.

(No brief was filed for appellees.)

Opinion by Mr. Justice Green:

We do not know upon what ground the application for an issue was refused in this case, as no opinion was filed by the court below and no paper book has been furnished us by the appellees. As it seems to us the facts set forth in the written application of the appellants, for issues in the several judgments mentioned, are quite sufficient, not merely to justify but to require the learned court below to grant the issues prayed for. The language of the act of 1836 upon this subject is peremptory: "If any fact connected with such distribution shall be in dispute, the court shall, at the request in writing of any person interested, direct an issue to try the same."

The act of April 20, 1846 (Purdon's Digest, 764, pl. 113), directs that "the applicant for such issue shall make affidavit that there are material facts in dispute therein, and shall set forth the nature and character thereof, upon which affidavit the court shall determine whether such issue shall be granted."

The determination of the court must be based upon the facts set out in the affidavit, and this makes it necessary only to consider the character of the facts there set forth. Upon examining the affidavit in this case we find that it is alleged therein that as to $1,100 of the judgment in favor of Mullen the money was loaned by Mullen to Emeline Nichols, wife of William Nichols, and that there were no transactions between Mullen and William Nichols; that Mullen had stated that he had no interest in the judgment, other than the $1,100, and that this was for a loan made to Mrs. Nichols; that Mullen had been settled with for the amount of that loan, and had no longer any interest in the proceeding; and that as to the balance of the judgment the same is without consideration. As a matter of course, if these facts are true, the Mullen judgment can have no claim upon the fund for distribution.

As to the Devereux judgment the averment is that it is claimed by Devereux to have been given for a loan, and that no loan was made by Devereux to William Nichols. This is rather a meager averment, but it is followed by another allegation that both judgments are fraudulent and without bona fide consideration, and have been confessed, and are being used for the purpose of hindering, delaying, and defrauding the other creditors of William Nichols. The giving of the judgments without consideration is a material fact, and in a given case it may be that more than this cannot be stated. It is a case of alleged fraud and the want of consideration would establish fraud if proved. It is not necessary to state in the affidavit the means by which the want of consideration is to be proved; but the fact itself, if affirmatively stated in the affidavit, with an averment that the petitioner expects to be able to prove it, is sufficient to require the granting of the issue.

The order discharging the rule to have the money paid into court and for a feigned issue is reversed; and the feigned issue prayed for is awarded and record remitted for further proceedings, the costs of this appeal to be paid by the appellees.